UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| HARRY SMALL,<br><br>    Plaintiff,<br><br>V.<br><br>JAMES M. FETTER, III, M.D.,<br><br>    Defendant. | CIVIL ACTION NO. 5:14-006-KKC<br><br><br>**MEMORANDUM OPINION AND<br>ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court a motion to dismiss brought by defendant James M. Fetter III, M.D. (DE 16). For the reasons stated below, defendant's motion will be granted.

## I. Background

This action arises out of a blood test ordered by defendant James M. Fetter, III, M.D. ("Dr. Fetter") in the course of his psychiatric treatment of plaintiff Harry Small. In January of 2013, Small visited Dr. Fetter, a psychiatrist at the Lexington Veterans Affairs Medical Center ("VAMC"). (DE 11 Am. Compl. at ¶ 10.) According to plaintiff, during the appointment Dr. Fetter "ordered a blood test from Small. Without telling Small and without giving Small the chance to decline to be tested for HIV and drugs, Fetter tested Small's blood for drugs and HIV antibodies." (DE 11 Am. Compl. at ¶ 12.) Small alleges that he did not consent "to any form of HIV or drug testing" and that he only learned of the testing when he received a phone call from the VAMC billing department. (DE 11 Am. Compl. at ¶ 11; DE 17-1 Pl.'s Resp. to Def.'s Mot. to Dismiss at 2.) Plaintiff further alleges that his medical file contains no documentation that Dr. Fetter tested him for drugs or HIV or that Dr. Fetter obtained the consent required under KRS § 214.625 to test him for HIV. (DE 11

Compl. at ¶¶ 13, 16.) Small asserts that he later learned he was tested for HIV "because he was a veteran and there had been a recent uptick in HIV cases among veterans in Kentucky." (DE 11 Am. Compl. at ¶ 15.) Small contends that he has suffered "severe emotional distress" as a result of Dr. Fetter's actions. (DE 11 Am. Compl. at ¶ 14.)

On December 18, 2013, Small filed a complaint against Dr. Fetter in Fayette Circuit Court alleging that Dr. Fetter's actions constituted negligence *per se*, invasion of privacy, battery, defamation, and intentional infliction of emotional distress. (DE 1-1). On January 6, 2014, the United States Attorney for the Eastern District of Kentucky certified that Dr. Fetter was acting within the scope of his federal employment at the time of the alleged incidents giving rise to this case. (DE 3). The United States then removed the action to this Court and successfully moved to be substituted as the sole defendant in this action. (DE 1, 2, and 4).

On January 31, 2014, plaintiff sought leave to file an amended complaint, and the Court subsequently granted his motion. (DE 10). Small's amended complaint replaces his tort claims with Fourth and Fifth Amendment claims against Dr. Fetter in his individual capacity, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (DE 11 Am. Compl. at 2-3.) Specifically, the amended complaint alleges that Dr. Fetter violated Small's Fourth Amendment right to be free from illegal searches and seizures "because the search, the HIV and drug testing, was unreasonable in light of Small's right to privacy and because nothing in Small's medical history, other than his status as a veteran, indicated that he was at risk for HIV or drug use." (DE 11 Am. Compl. at ¶ 19.) Plaintiff alleges that Dr. Fetter violated his Fifth Amendment rights "because [plaintiff] was deprived of the right to be free from unlawful HIV testing, the right to privacy, and the right to be secure in his person without due process of law," and that

2

that his right to privacy was violated "because he was tested for HIV and drugs without his consent." (DE 11 Am. Compl. at ¶¶ 20-21.) Plaintiff acknowledges that "[a]t the time of the incident, Fetter acted within the scope of federal employment." (DE 11 Am. Compl. ¶ 2.)

Dr. Fetter has filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the VA Immunity Statute, 38 U.S.C. § 7316(a)(1), gives him absolute immunity from *Bivens* actions by making a suit against the United States under the Federal Tort Claims Act ("FTCA") the exclusive remedy for harms caused by VA medical personnel in the course of their medical duties. In the alternative, Dr. Fetter asserts that qualified immunity bars the suit against him. (DE 16). Plaintiff objects to defendant's request for dismissal and argues that his constitutional claims do not fall within the scope of the VA Immunity Statute so *Bivens* is an appropriate remedy and that Dr. Fetter is not entitled to qualified immunity. (DE 17).

## II. Standards of Review

"Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990) (citation omitted). "Challenges to subject-matter jurisdiction fall into two general categories: 'facial attacks'— which argue that the pleading allegations are insufficient—and 'factual attacks'—which challenge the factual veracity of the allegations." *Caspar v. Snyder*, No. 14-CV-11499, 2015 WL 224741, at *4 (E.D. Mich. Jan. 15, 2015) (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). Upon a facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Ritchie*, 15 F.3d at 598. On a motion raising a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy

3

itself as to the existence of its power to hear the case." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)).

In considering whether to grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must view the allegations in the complaint in the light most favorable to the plaintiff, treating all well-pleaded facts as true. *See Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009)). "Although the complaint need not contain 'detailed factual allegations,' Rule 8(a)(2) of the Federal Rules of Civil Procedure 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "As the Supreme Court explained in *Iqbal*: 'A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.'" *Id.* (citation omitted). Moreover, "it is well settled that 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## III. Analysis

When a defendant seeks dismissal under Rules 12(b)(1) and 12(b)(6) in the alternative, the Court must "consider the 12(b)(1) motion first, since the Rule 12(b)(6)

4

challenge becomes moot if this court lacks subject matter jurisdiction." *Moir*, 895 F.2d at 269 (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). While this Court has subject matter jurisdiction over a properly stated *Bivens* claim, *see* 28 U.S.C. § 1331, plaintiff's allegations fail to state a claim of constitutional dimension, as required under *Bivens*. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) ("To succeed on a *Bivens* action, a plaintiff must first establish a constitutional violation."). Accordingly, Dr. Fetter's motion to dismiss will be granted.

In *Bivens*, the United States Supreme "Court 'recognized for the first time an implied private action for damages against federal [agents and] officers alleged to have violated a citizen's constitutional rights.'" *Iqbal*, 556 U.S. at 675 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). The *Bivens* Court "held that a victim of a Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court." *Malesko*, 534 U.S. at 66. In the decade following *Bivens*, the Supreme Court "recognized two more nonstatutory damages remedies, the first for employment discrimination in violation of the Due Process Clause, *Davis v. Passman,* 442 U.S. 228 (1979), and the second for an Eighth Amendment violation by prison officials, *Carlson v. Green,* 446 U.S. 14 (1980)." *Wilkie v. Robbins*, 551 U.S. 537, 549–50 (2007).

"But since the Supreme Court's last decision to authorize a *Bivens* remedy in 1980, the Court has 'refused to extend *Bivens* liability to any new context or new category of defendants.'" *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (quoting *Malesko,* 534 U.S. at 68). Indeed, even though the "Court has had to decide in several different instances whether to imply a *Bivens* action[,] . . . in each instance it has decided against the existence of such an action." *Minneci v. Pollard*, 132 S. Ct. 617, 622 (2012).

In a recent opinion, the Sixth Circuit explained that a plaintiff must make a two-part threshold showing before the court determines whether or not to recognize a new *Bivens* remedy. *See Left Fork Mining Co., Inc. v. Hooker*, 775 F.3d 768, 774 (6th Cir. 2014). "Under *Bivens,* a plaintiff must initially demonstrate (1) a challenged action attributable to a person acting under color of federal law, and (2) conduct that deprives the party of a constitutionally protected interest." *Id.* (citing *Schweiker v. Chilicky,* 487 U.S. 412, 418–21 (1988)); *see also AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 (6th Cir. 2004) ("[I]n order to state a claim . . . under *Bivens* . . .[plaintiff] must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of [federal] law."). "If those elements are satisfied, the Court then proceeds to a two-step inquiry to ascertain whether a *Bivens* damages remedy should be inferred." *Id.* (citing *Wilkie,* 551 U.S. at 550). Here, Small has not met the second threshold element because he has failed to demonstrate that Dr. Fetter's conduct deprived him of a constitutionally protected interest.

Small alleges that Dr. Fetter violated his Fourth Amendment right to be free from illegal searches and seizures "because the search, the HIV and drug testing, was unreasonable in light of Small's right to privacy and because nothing in Small's medical history, other than his status as a veteran, indicated that he was at risk for HIV or drug use." (DE 11 Am. Compl. at ¶ 19.)

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. "This provision is understood to refer to searches by, or made possible by, government officers." *United States v. Booker*, 728 F.3d 535, 540 (6th Cir. 2013). However, "the fourth amendment cannot be triggered simply because a person is acting on behalf of

6

the government. Instead the fourth amendment will only apply to governmental conduct that can reasonably be characterized as a 'search' or a seizure.'" *United States v. Attson*, 900 F.2d 1427, 1429 (9th Cir. 1990). The "threshold inquiry" of whether an action constitutes a search or a seizure "is particularly appropriate where the challenged conduct falls outside the area to which the fourth amendment most commonly and traditionally applies—law enforcement." *Id.* at 1429–30.

When considering whether conduct of a private citizen is subject to the Fourth Amendment, the Sixth Circuit uses a two-factor test to determine "whether a private party is acting as an agent of the government[.]" *See United States v. Bowers*, 594 F.3d 522, 525–26 (6th Cir. 2010) (citation omitted). "Those two factors require an analysis of '(1) the government's knowledge or acquiescence' to the search, and '(2) the intent of the party performing the search.'" *Id.* at 526 (quoting *United States v. Hardin*, 539 F.3d 404, 418 (6th Cir. 2008)); *see also United States v. Lambert*, 771 F.2d 83, 89 (6th Cir. 1985) (stating that in order for a person to be acting as an agent of the government, two facts must be shown: (1) "the police must have instigated, encouraged or participated in the search[;]" and (2) "the individual must have engaged in the search with the intent of assisting the police in their investigative efforts"). "If '*the intent of the private party* conducting the search *is entirely independent* of the government's intent to collect evidence for use in a criminal prosecution,' then 'the private party is not an agent of the government.'" *Bowers*, 594 F.3d at 526 (quoting *Hardin*, 539 F.3d at 418).

The Sixth Circuit has not articulated a test for determining whether the conduct of a non-law enforcement government employee, like Dr. Fetter, is subject to the Fourth Amendment. *See Hearring v. Sliwowski*, 712 F.3d 275, 281 (6th Cir. 2013) ("This court has not taken a definitive position on whether the Fourth Amendment's protection against

7

unreasonable searches applies to the provision of medical services by government-employed health-care professionals."). But the Ninth Circuit has concluded that "for the conduct of a governmental party to be subject to the fourth amendment, the governmental party engaging in that conduct must have acted with the intent to assist the government in its investigatory or administrative purposes and not for an independent purpose." *Attson,* 900 F.2d at 1433; *see also United States v. Inman*, 558 F.3d 742, 745 (8th Cir. 2009) (citing *Attson* in explaining that when a government employee is alleged to have conducted an unlawful search the actor's intent is particularly important). This inquiry is consistent with the Sixth Circuit's test for determining whether actions by private persons constitute a search or a seizure under the Fourth Amendment, and the Court finds it instructive here.

In the instant case, plaintiff's claims under the Fourth Amendment must fail because the alleged conduct does not rise to a Fourth Amendment violation. Even accepting all the allegations in the complaint as true, Small does not allege that Dr. Fetter acted in any investigatory or administrative capacity on behalf of the government when he purportedly tested Small's blood for drugs and HIV. Plaintiff's only allegations possibly relating to Dr. Fetter's intent are that "nothing in Small's medical history, other than his status as a veteran, indicated that he was at risk for HIV or drug use" and that Small "learned that he was tested for HIV without his consent because he was a veteran and there had been a recent uptick in HIV cases among veterans in Kentucky." (DE 11 Am. Compl. at ¶¶ 15, 19.) However, these are exactly the kind of "naked assertions devoid of further factual enhancement" that are insufficient to survive a motion to dismiss. *Napolitano*, 648 F.3d at 369.

Plaintiff's complaint states that he "saw Fetter for medical treatment" and contains no allegations that Dr. Fetter ordered the testing of Small's blood for any reason other than

8

medical purposes. (DE 11 Am. Compl. at ¶ 10.) In fact, the complaint purports that Small "received the medical treatment from which this action arises" at the VAMC. (DE 11 Am. Compl. at ¶ 3.) Courts have found that no search or seizure occurs within the meaning of the Fourth Amendment when testing is ordered for purely medical purposes. *See, e.g.*, *Attson*, 900 F.2d at 1433–34 (finding that when the government doctor "drew and analyzed Attson's blood for purely medical reasons, he did not possess the requisite intent to engage in a search under the fourth amendment"); *Saulsberry v. Arpaio*, 41 F. App'x 953, 954 (9th Cir. 2002) (stating that in a § 1983 action, no search or seizure occurred where physician ordered catheterization and drug screen solely for medical purposes); *Lovett v. Boddy*, 810 F. Supp. 844, 849 (W.D. Ky. 1993) (citing *Attson*, in § 1983 action, in noting that "[a]t least one Circuit Court has held that a surgical 'intrusion' by a government doctor, conducted for medical reasons and not to elicit an investigative or administrative benefit for the government, is not a 'search' as understood by the Fourth Amendment"); *see also Story v. Chandler*, No. Civ.A. 05-119-KSF, 2006 WL 782463, at *8 (E.D. Ky. Mar. 27, 2006) ("While we agree with Story that the taking of blood and urine samples without consent or a warrant typically constitutes an unlawful search, a clear exception exists where the samples are taken for medical purposes."). Moreover, the only circumstances in which courts have found that medical testing constitutes a search or a seizure under the Fourth Amendment are when compulsory testing was performed as a condition of employment, which is not alleged here. *See, e.g.*, *Nat'l Treasury Employees Union v. Von Raab*, 489 U.S. 656, 665 (1989) (stating the Fourth Amendment applies to drug testing of government employees); *Anonymous Fireman v. City of Willoughby*, 779 F. Supp. 402 (N.D. Ohio 1991) (concluding that HIV testing of public employees' blood during annual physical examination constitutes a search and seizure within the meaning of the Fourth Amendment).

Accordingly, because there is no allegation that Dr. Fetter ordered the testing of Small's blood for any reason other than purely medical purposes, the testing was not a search or seizure under the Fourth Amendment.[1]

Plaintiff's complaint also fails to state a claim for a violation of the Fifth Amendment, which protects individuals from being "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Small alleges violations of his "right to be free from unlawful HIV testing" and the "right to be secure in his person" but the Fifth Amendment contains no such guarantees. To the extent plaintiff alleges that he was deprived of a liberty or property interest in his blood, he has cited no authority to support his position. Further, Small's complaint states that he "saw Fetter for medical treatment[,]" and he failed to address Dr. Fetter's argument concerning the Fifth Amendment in his opposition to Dr. Fetter's motion to dismiss. (DE 11 Am. Compl. at ¶ 10.)  Moreover, the Supreme Court has stated that the compulsory administration of a blood test, which is not alleged in the present case but is somewhat similar to Small's allegations, implicates the Fourth, rather than the Fifth Amendment. *See Schmerber v. California*, 384 U.S. 767, 767 (1966). Therefore, because Small has failed to demonstrate how Dr. Fetter's conduct deprived him of a constitutionally protected interest, his complaint must be dismissed for failure to state a claim.

---

[1] Plaintiff also alleges that his "right to privacy" was violated when he was tested for HIV and drugs without his consent. In *Schmerber v. California*, 384 U.S. 757 (1966), the Supreme Court held that an individual possesses a privacy interest in his blood for purposes of the Fourth Amendment. However, because the Court has determined that Dr. Fetter's actions did not constitute a search or seizure under the Fourth Amendment, it is unnecessary to decide whether the testing of Small's blood sample infringed upon any legitimate expectation of privacy he may have had. *See Attson*, 900 F.2d at 1431.

**IV. Conclusion**

Accordingly, and for the above-stated reasons, the motion to dismiss filed by defendant James M. Fetter III, M.D. (DE 16) is **GRANTED** and the claims against Dr. Fetter are **DISMISSED**.

Dated March 25, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

11